596 P.2d 514

Josie R. **ABERNATHY,**
Plaintiff-Appellee,

v.

**EMPLOYMENT SECURITY COMMIS-
SION of New Mexico,**
Defendant-Appellant.

**No. 12166.**

Supreme Court of New Mexico.

June 6, 1979.

Rehearing Denied July 2, 1979.

Jeff Bingaman, Atty. Gen., C. Reischman, Santa Fe, for defendant-appellant.

Ralph D. Wanek, Las Cruces, for plaintiff-appellee.

Clifford Martin Rees, Santa Fe, for amicus curiae.

## OPINION

PAYNE, Justice.

Abernathy filed a claim for unemployment compensation with the Employment Security Commission. After administrative hearings, the Commission disqualified Abernathy from benefits on the ground that her discharge was for misconduct connected with her work. The district court granted Abernathy's petition for certiorari to review the decision. The Commission moved to dismiss the appeal because Abernathy did not join her last employer as a party to the district court action. The district court denied the motion, reversed the Commission's decision, and held that Abernathy was entitled to benefits. The Commission now appeals to this Court.

The Commission argues that Abernathy's last employer is an indispensible

party under the terms of § 51–1–8(K), N.M. S.A. 1978. It relies on that portion of the statute which states:

The district court shall render its judgment after hearing and either the commission or any other party thereto affected may appeal from such judgment to the supreme court * * * *.

It is not disputed that the last employer may be affected by a Commission decision inasmuch as it could be required to increase its contributions under the Unemployment Compensation Law. However, § 51–1–8(K) does not purport to define who must be a party in the proceedings on certiorari before the district court. It merely allows the Commission, or any other party affected by the district court decision, to appeal to the Supreme Court.

The Commission argues in the alternative that the New Mexico Rules of Civil Procedure require joinder of the last employer. It asserts that N.M.R. Civ. P. 19, N.M.S.A. 1978 requires the joinder of an absent party with an interest in the subject matter of the action. We do not agree that Rule 19 is applicable in this case.

As a practical matter, the last employer is a party to the proceedings. Review of the Commission's ruling is by certiorari to the district court. The district court must make its decision based upon the record of the hearing before the Commission. At that hearing the employer, as well as the claimant, was afforded an opportunity to present evidence and to argue the merits of the case. *See* Rules and Regulations of the Employment Security Commission, HEARING PROCEDURE, § 517 *et seq.* Although § 51–1–8(K) provides that "the district court shall render its judgment after hearing," the taking of additional evidence by the district court is not contemplated by the statute.

N.M.R. Civ. P. 81(c)(4), N.M.S.A. 1978 provides:

The district court shall try and determine such cause upon the evidence legally introduced at the hearing before said employment security commission [employment services division] presented by the parties to said court.

In addition, § 51–1–8(K) provides: "Such certiorari shall be heard in a summary manner and shall be given precedence over all other civil cases * * * *."

The last employer was a party to the proceedings in the district court by virtue of its participation in the adjudicatory hearing before the Commission. It was given every opportunity to develop evidence and to present the law through oral arguments and briefs. Therefore, we affirm the district court's decision denying the Commission's motion to dismiss for failure to join the last employer of the claimant.

■ The Commission next argues that the district court erred in reversing the Commission's decision on the merits because there was substantial evidence in the record to support its decision. This argument rests on the erroneous premise that the district court's review of a Commission decision is limited to a determination of whether the decision is supported by substantial evidence. N.M.R. Civ. P. 81(c)(4) provides that on review of a Commission decision, the district court "shall make findings of fact and conclusions of law and enter judgment therein upon the merits." The scope of review of the record by the district court was examined in *Wilson v. Employment Security Commission*, 74 N.M. 3, 389 P.2d 855 (1963). This Court stated:

The trial court shall adopt as its own such of the Commission's findings of fact as it determines to be supported by substantial evidence and shall make such conclusions of law and decision as lawfully follow therefrom.

*Id.* at 8, 389 P.2d at 858. *See also Ribera v. Employment Security Commission*, 92 N.M. 694, 594 P.2d 742 (1979).

If the district court determines that the Commission's findings are supported by substantial evidence, those findings are binding on the district court. However, should the district court determine that they are not so supported, the district court must make its own findings from the evidence presented to the Commission.

Upon review of a district court decision overturning a Commission decision, this Court must address two questions: (1) Whether the district court was correct in finding the Commission decision to be unsupported by substantial evidence; and (2) assuming the district court was correct, whether the district court's independent findings are supported by substantial evidence.

We have reviewed the decision of the Commission and the findings of fact and conclusions of law of the district court in light of the evidence presented to the Commission. We hold that the evidence in the record reviewed by the district court was not sufficient to support the decision of the Commission. The district court properly made its own findings. Those findings are supported by substantial evidence.

The district court is therefore affirmed.

IT IS SO ORDERED.

SOSA, C. J., McMANUS, Senior Justice, and EASLEY, and FEDERICI, JJ., concur.