639 P.2d 580

Sandra DONOVAN, Petitioner-Appellant,

v.

NEW MEXICO EMPLOYMENT SECURITY DEPARTMENT, Respondent-Appellee,

and

Grant County Bank, Employer, Respondent-Appellee.

No. 13681.

Supreme Court of New Mexico.

Jan. 25, 1982.

J. Wayne Woodbury, Silver City, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., J. R. Baumgartner, Asst. Atty. Gen., Albuquerque, for Employment Sec. Dept.

Foy, Foy & Jollesten, Stephen M. Williams, Silver City, for Grant County Bank.

## OPINION

FEDERICI, Justice.

Petitioner (Sandra Donovan) was terminated from her employment as a general ledger clerk in the bookkeeping department of the respondent-employer (Grant County Bank), Silver City, New Mexico. She filed for unemployment compensation benefits provided for under the New Mexico Unemployment Compensation Law, Sections 51–1–1 to 51–1–53, N.M.S.A.1978.

Petitioner was denied benefits by a deputy of the New Mexico Employment Security Department on the grounds that she was discharged for misconduct in connection with her employment. Petitioner appealed this determination to the Appeal Tribunal. The Appeals Referee, after a full evidentia-

ry hearing, found that petitioner was discharged for reasons not constituting misconduct connected with her work, thus entitling her to unemployment benefits.

Respondent-employer Grant County Bank appealed to the Board of Review, which reversed the decision of the Appeal Tribunal and denied unemployment benefits to petitioner, concluding that petitioner was discharged for acts constituting misconduct.

Petitioner filed proceedings in the district court for a writ of certiorari, which was granted. The district court affirmed the decision of the Board of Review, disqualifying petitioner from receiving unemployment compensation benefits under Section 51–1–7(B) for misconduct connected with her work. Petitioner appeals to this Court. We affirm.

The following findings of fact are challenged by petitioner:

2. Shortly before her discharge, Donovan became resentful of her supervisor because she did not receive a pay raise or promotion. Her hostile attitude toward her supervisor was detrimental to the Bank's best interests.

3. On May 2, 1980, Donovan was called into her supervisor's office and reprimanded for spending an excessive amount of time in another department and for creating a disturbance at work by whistling. Donovan reacted with hostility to this reprimand and began slamming different things around in an angry manner while in the presence of her supervisor.

4. As a result of the tension between Donovan and her supervisor, Donovan, at an employee "get-together", told her supervisor that she would make her supervisor's job as miserable as possible for her supervisor.

The following conclusions of law are challenged by petitioner:

2. The Court has adopted as its own such of the Board of Review's Findings of Fact as it has determined are supported by substantial evidence.

3. Based on the foregoing Findings of Fact, Donovan was discharged for acts constituting misconduct connected with her work at the Bank.

4. Donovan is disqualified from receiving unemployment compensation benefits, as specified in Section 51–1–7 B, NMSA 1978.

This case presents the issue of whether there is substantial evidence to support the district court's findings that petitioner's actions constituted misconduct which would disqualify her from employment compensation benefits.

Section 51–1–7(B) provides that:

An individual shall be disqualified for benefits:

B. for the week in which he has been discharged for misconduct connected with his work, if so found by the commission, for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable; * * *.

This Court has defined the term "misconduct" as used in this statute in *Mitchell v. Lovington Good Samaritan Center, Inc.*, 89 N.M. 575, 577, 555 P.2d 696, 698 (1976), as follows:

* * * "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

The Court in *Mitchell* adopted a "totality of circumstances" test. The Court stated:

Although each separate incident may not have been sufficient in itself to constitute

misconduct, taken in totality Mrs. Mitchell's conduct deviated sufficiently to classify it as misconduct under the above test.

*Id.* at 578, 555 P.2d at 699.

The record in this case reflects that the trial court properly applied the "totality of circumstances" test and arrived at a correct conclusion based on the Commission's findings.

The standard to be applied by a trial court in reviewing a decision of the New Mexico Employment Security Department was outlined by this Court in *Abernathy v. Employment Sec. Com'n*, 93 N.M. 71, 596 P.2d 514 (1979). This Court referred to *Wilson v. Employment Security Commission*, 74 N.M. 3, 389 P.2d 855 (1963), which stated:

> The trial court shall adopt as its own such of the Commission's findings of fact as it determines to be supported by substantial evidence and shall make such conclusions of law and decision as lawfully follow therefrom.

*Id.* at 8, 389 P.2d at 858.

This Court in *Abernathy* stated:

> If the district court determines that the Commission's findings are supported by substantial evidence, those findings are binding on the district court. However, should the district court determine that they are not so supported, the district court must make its own findings from the evidence presented to the Commission.

*Id.* at 72, 596 P.2d at 515.

In this case the trial court followed the procedure outlined in *Abernathy*, and determined that there was substantial evidence to disqualify petitioner from receiving unemployment compensation benefits.

Although the evidence is conflicting, we find that there is substantial evidence in the record to support the findings made by the Commission and by the trial court.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.