654 P.2d 1035

**Ralph MAYNARD, and Kathy Maynard, Plaintiffs-Appellees,**

v.

**WESTERN BANK, a New Mexico Banking corporation, Defendant-Appellant.**

**No. 14186.**

Supreme Court of New Mexico.

Nov. 9, 1982.

John P. Massey, Albuquerque, for defendant-appellant.

Glascock, McKim, Head & Kozeliski, Lowell E. McKim, Gallup, for plaintiffs-appellees.

## OPINION

RIORDAN, Justice.

Appellant Western Bank (Western) entered into a written lease agreement with Appellees Ralph and Kathy Maynard (Maynards) concerning a certain tract of land located in Thoreau, New Mexico. Maynards brought action seeking specific performance of the agreement along with attorney's fees alleging that Western failed to comply with the terms of the lease. In Western's answer, they denied that the agreement was a binding lease and alleged that the agreement was an option to lease.

The trial court found that the agreement was a lease and granted specific performance of the lease agreement. However, the trial court made no finding on Maynards' request for attorney's fees. Western appeals and Maynards cross-appeal. We affirm the trial court's determination that an enforceable lease had been entered into and reverse the trial court's failure to award attorney's fees.

Western argues that Maynards' Answer Brief and their Cross-Appellants' Brief in Chief do not comply with N.M.R.Civ.App. 9(i), N.M.S.A.1978 (Cum.Supp.1982). Rule 9(i) requires that authority be cited on propositions urged in a party's brief. Maynards, in a number of places, asserted propositions without citing authority. We agree with Western that statements such as,

> [t]here are undoubtedly any number of legal precedents in the law books dealing with this sort of thing; however, we are not inclined to take up the Court's time by citing such precedents[,]

should *not* be written in a brief. However, we construe the rules of Appellate Procedure liberally so that causes on appeal may be determined on their merits. *Flower v. Willey,* 95 N.M. 476, 623 P.2d 990 (1981); *Montgomery v. Cook,* 76 N.M. 199, 413 P.2d 477 (1966). Nevertheless, we will take this into consideration in our determination of an award of attorney's fees on appeal.

*Written Agreement*

Western had been negotiating with Maynards to lease their tract of land to Western for a bank branch located in Thoreau, New Mexico. At the suggestion of Western, Maynards met with Western's attorney and a bank officer to draft a lease. On June 17, 1980, an agreement was reduced to writing and signed by both parties. The dispute as to whether a binding lease was entered into turns upon the interpretation of the following language of the agreement:

III. TERM AND RENT

Lessors demise the above premises for a term of ten (10) years commencing on July 2, 1980, and terminating on June 30, 1990.

Lessee shall have the right to seek approval for a branch bank on the above described premises rent free until July 2, 1980. At that time Lessors agree to allow Lessee an extension of thirty (30) days in which to obtain approval upon payment of the sum of Six Hundred Fifty and no/100 ($650.00) Dollars in advance. This lease may be declared null and void at the option of Lessee either on July 2, 1980, or August 2, 1980, with no further consideration payable to Lessors.

In the event that Lessee chooses to begin this lease, the monthly rental shall be Six Hundred Fifty and no/100 ($650.00) Dollars per month, payable in advance . . . .

It is undisputed that Western signed the lease and paid $650.00 to Maynards on or before July 2, 1980. It is also undisputed that Western took no affirmative action to cancel the agreement on or before July 2, 1980, or August 2, 1980. However, Western asserts that the lease was contingent upon Western receiving approval for a branch bank. Therefore, two conditions should have been met for the lease to be enforceable: 1) Western had to receive approval for a branch bank at Thoreau prior to August 2, 1980, *and* 2) Western had to pay $650.00 to Maynards by August 2, 1980. Since neither was done, Western claims that there was no lease. However, Maynards assert that Western had the *affirmative* duty to declare the lease null and void on August 2, 1980, which Western did not do; therefore, the lease was enforceable.

■ The trial court found that Western elected to enter into the lease by the payment of $650.00 on or before July 2, 1980. It was also found that by the terms of the agreement, Western "was granted an additional thirty-day period in which to seek approval of a branch bank and had the option to declare the agreement null and void on or before August 2, 1980." Western did not declare the agreement null and void on or before August 2, 1980. Therefore, the trial court concluded that Maynards were entitled to a judgment against Western for specific performance of the lease agreement by the payment of rent as each rental payment becomes due and payable.

We do not weigh the evidence; instead it is our obligation to review the trial court's findings to determine if they are supported by substantial evidence. When there is substantial evidence to support the trial court's findings, we will not reverse such findings on appeal. *First National Bank of Santa Fe v. Wood,* 86 N.M. 165, 521 P.2d 127 (1974). We have reviewed the record and find substantial evidence to support the trial court's findings on this point.

*Attorney's Fees*

■ The lease also contains the following language:

XIII. ATTORNEY'S FEES

If any suit is instituted by Lessors against the Lessee in any way connected with this lease, or for the recovery of possession of the premises, the Lessors shall recover from the Lessee all reasonable costs, attorney's fees and expenses incurred by Lessors in enforcing this lease.

138

Maynards, in their complaint, requested attorney's fees. In Maynards' Requested Findings of Fact and Conclusions of Law, a requested finding was made that they were entitled to attorney's fees in the amount of $2,500.00. Maynards' attorney also filed an affidavit stating that he spent 52½ hours on this case through trial and normally charged $75.00 per hour. The trial court's findings of fact and conclusions of law do not mention attorney's fees, and the record is silent as to why attorney's fees were not awarded.

A trial court's refusal or failure to make findings on a material issue is regarded as a finding against that party having the burden of proof. *Gallegos v. Wilkerson,* 79 N.M. 549, 445 P.2d 970 (1968); *J.A. Silversmith, Inc. v. Marchiondo,* 75 N.M. 290, 404 P.2d 122 (1965). However, this finding is contrary to the plain language of the agreement, considering the successful conclusion of Maynards' lawsuit.

Findings which are not supported by substantial evidence and which have been properly attacked, cannot be sustained on appeal. *Getz v. Equitable Life Assur. Soc. of U.S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). Therefore, we reverse the trial court's determination on this matter because the award of no attorney's fees is not supported by substantial evidence.

Maynards are awarded the $2,500.00 for attorney's fees requested at trial level. In addition, Maynards are awarded $1,000.00 in attorney's fees for this appeal.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.