685 P.2d 957 (1984)
101 N.M. 549
The ATTORNEY GENERAL OF the STATE OF NEW MEXICO, Appellant,
Public Service Company of New Mexico, Intervenor,
v.
NEW MEXICO PUBLIC SERVICE COMMISSION, Respondent.
No. 14852.
Supreme Court of New Mexico.
August 15, 1984.
*959 Paul Bardacke, Atty. Gen., Rand L. Greenfield, Asst. Atty. Gen., Santa Fe, for appellant.
Keleher & McLeod, Robert H. Clark, Richard B. Cole, Albuquerque, for intervenor.
Pat Ortiz, Commission Counsel, Marilyn C. O'Leary, Asst. Commission Counsel, Leonard Helman, Staff Counsel, Santa Fe, for respondent.
Kate Southard, Albuquerque, for Gas Company of New Mexico.

OPINION
STOWERS, Justice.
This is a direct appeal from the Public Service Commission's (Commission) decision that the coal costs incurred by Public Service Company of New Mexico (PNM) during the year 1980 were reasonable. PNM initially came before the Commission seeking an increase in rates based upon 1980 operating expenses. The parties stipulated to all issues except the issue of the justness and reasonableness of certain costs resulting from PNM's purchase of coal from its affiliate, Western Coal Company (WCC). Following hearings in which the Attorney General (AG) participated, the Commission ruled that these costs would be allowed. The AG appeals. We affirm the Commission.
We discuss the following issues:
(1) Whether the Commission's findings are adequate under New Mexico law and demonstrate that the Commission properly applied the relevant burden of proof;
(2) Whether certain rebuttal evidence was admitted for a limited purpose and thus was not available for consideration as substantive evidence; and
(3) Whether the Commission's decision is supported by substantial evidence on the record.
The pertinent facts are as follows. During the late 1950's and early 1960's, PNM obtained certain coal leases in the Fruitland area of northwestern New Mexico. Between that period of time and 1980, PNM developed these leases, first through a wholly-owned subsidiary, Public Service Coal Company, and then through WCC, half-owned by PNM and half-owned by Tucson Electric Power Company. Coal for the PNM San Juan Generating Station was supplied by WCC until December 1980. Subsequently, the Fruitland leases were subleased by PNM to Utah International, which in turn subleased them to the San Juan Coal Company. San Juan Coal Company is a subsidiary of Utah International, which in turn is a subsidiary of General Electric.
The issue before the Commission was whether the coal costs incurred by PNM at the San Juan Station in 1980 were reasonable. Although the AG and PNM presented various methodologies to determine the reasonableness of these coal costs, the methods were variations of two fundamental approaches: the rate of return method supported by the AG, and the market comparison method advocated by PNM. A review of the record indicates that the evidence directed to the issue of the reasonableness of these coal costs was conflicting.
The Legislature has delegated to the Commission the power and authority to regulate utilities. NMSA 1978, § 62-6-4 (Cum.Supp. 1983). The Commission designated a hearing examiner to preside over this case pursuant to NMSA 1978, Section 62-10-7 (Cum.Supp. 1983). The hearing examiner found that PNM's 1980 coal costs were reasonable. The Commission subsequently issued an order adopting the decision of the hearing officer. The AG then filed this appeal from the Commission's order, pursuant to NMSA 1978, Section 62-11-1 (Cum.Supp. 1983).
The AG argues that the Commission committed error by failing to make any *960 findings as to the arms-length nature of the transaction between PNM and WCC and in so doing failed to apply the proper burden of proof. NMSA 1978, Section 62-10-14 requires only that the Commission find the ultimate fact. This Court previously stated:
The ultimate fact is the logical result of the proofs reached by reasoning from the evident facts. It is a conclusion of fact. (Citations omitted.)
International Minerals & Chemical Corp. v. New Mexico Public Service Commission, 81 N.M. 280, 283, 466 P.2d 557, 560 (1970). Furthermore, the Commission is not required to give reasons for its decision; ultimate findings phrased in the applicable statutory language are sufficient. Id. at 283, 466 P.2d at 560.
NMSA 1978, Section 62-6-4(C) (Cum.Supp. 1983) provides in pertinent part:
The sale, furnishing or delivery of coal, uranium or other fuels by any affiliated interest to a utility for the generation of electricity for the public shall be subject to regulation by the commission but only to the extent necessary to enable the commission to determine that the cost to the utility of such coal, uranium or other fuels at the point of sale is reasonable. (Emphasis added.)
In the present case, the ultimate fact required to be found was the reasonableness of the cost of the coal to PNM. The Commission made that finding and no other findings were necessary. There is no merit in the AG's argument that the Commission erred in not entering a finding on the arms-length nature of the transaction. Such a finding is not required since it is not an ultimate finding. In this case, the arms-length nature of the transaction is not a fact which is "necessary to determine the controverted questions presented by the proceeding." NMSA 1978, § 62-10-14.
Similarly, the AG's argument that the Commission failed to apply the proper burden of proof is equally without merit. The normal burden to be met in making a prima facie case regarding costs incurred in transactions with non-affiliates is a demonstration that the costs were, in fact, incurred. However, the normal burden regarding costs incurred in transactions with affiliates is heavier, requiring a showing of the reasonableness of the costs. Boise Water Corp. v. Idaho Public Utilities Commission, 97 Idaho 832, 555 P.2d 163 (1976). A review of the record indicates that the Commission applied the normal burden required in affiliated transactions. The Commission required PNM to file testimony demonstrating the reasonableness of the coal costs involved. This testimony was filed and the Commission then considered all the evidence which went to a comparison of market prices and a comparison of profit levels. After considering this evidence, the Commission determined that the coal costs were reasonable, thus finding that PNM had met its burden of proof.
The AG next contends that certain rebuttal evidence was admitted for a limited purpose and thus was not available for consideration as substantial evidence. The AG argues that the Commission erred in relying on Rebuttal Exhibit E as primary and substantive evidence in this case. We disagree. Evidence can be admitted for a limited purpose and, once so limited, it cannot be relied on for another purpose. In Re Will of Callaway, 84 N.M. 125, 500 P.2d 410 (1972). However, this did not occur in the present case. Exhibit E is a compilation of coal prices on a nationwide basis expressed in cents per million BTU (MMBTU) for mine-mouth coal plant operations. A review of the record shows that PNM did not indicate that it was seeking to introduce Rebuttal Exhibit E for a limited purpose, nor did the AG ask that it be admitted for a limited purpose. Furthermore, this exhibit was admitted without objection.
In order for an objection to be timely, it must be made at the time the party may reasonably become aware of the grounds for objection for the first time. State ex rel. Reynolds v. Rio Rancho Estates, Inc., 95 N.M. 560, 624 P.2d 502 (1981). If a proper objection is not made, *961 the evidence may be considered in the same manner as any other relevant evidence and has sufficient probative value to support a finding. Cf. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968). Failure to object to the admission of evidence operates as a waiver. See McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968). Our review of the record shows that the parties treated Exhibit E as substantive and primary evidence directed to the ultimate fact at issue from the time it was admitted.
The AG argues that the Commission's decision that PNM's coal costs for 1980 were reasonable is not based upon substantial evidence. The scope of review of Commission decisions is limited to the question of whether the Commission acted fraudulently, arbitrarily or capriciously, whether the decision is supported by substantial evidence, and, generally, whether the actions of the Commission are within the scope of its authority. Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646 (1964). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Viking Petroleum, Inc. v. Oil Conservation Commission, 100 N.M. 451, 672 P.2d 280 (1983). Substantial evidence requires that the appellate court review the whole record to determine whether there is substantial evidence to support the decision made by the Commission. Duke City Lumber Co. v. New Mexico Environmental Improvement Board, 101 N.M. 291, 681 P.2d 717 (1984). Moreover, this Court must view the evidence in the light most favorable to the decision made by the Commission. New Mexico Human Services Department v. Garcia, 94 N.M. 175, 608 P.2d 151 (1980).
The Legislature has vested exclusive rate-making authority in the Commission. See § 62-6-4 (Cum.Supp. 1983). Furthermore, in a rate case, the Commission is vested with considerable discretion in determining the justness and reasonableness of utility rates. Hobbs Gas Co. v. New Mexico Public Service Commission, 94 N.M. 731, 616 P.2d 1116 (1980). Although conflicting testimony was presented to the Commission, evidence of two conflicting opinions in the record does not mean that the decision arrived at is unsupported by substantial evidence. See McDaniel v. New Mexico Board of Medical Examiners, 86 N.M. 447, 525 P.2d 374 (1974).
A review of the record shows that in reaching its decision regarding the reasonableness of PNM's expenses for coal purchased during 1980 for the San Juan Station, the Commission, in adopting the recommended decision of the hearing examiner, did not tie itself down to any single method to determine reasonableness of the coal costs. The Commission looked at comparative market prices, at returns earned in the coal industry, at the relationship between the contracting parties, and all other relevant evidence which the parties introduced.
The AG contends that the transaction between PNM and WCC was not in actuality an arms-length transaction because of their corporate affiliation. We have already disposed of this issue. We agree with the Commission that based on the testimony and evidence presented that the coal costs incurred in this case were reasonable. The Commission's decision in this matter is supported by substantial evidence.
Finally, the AG argues that in evaluating the record, the Commission arbitrarily disregarded expert opinion in an area wherein it has no expertise, and instead relied upon unexplained evidence which did not constitute expert testimony. The AG contends that the Commission has no knowledge or technical skill in coal pricing or marketing. The issue here is one of ratemaking. This is an area in which this Court has recognized that the Commission exercises expert judgment. Moreover, this Court has previously stated:
It is said that a finding of reasonableness made after a full hearing by the Commission is the product of `expert judgment,' which carries with it a strong presumption *962 that it meets the statutory requirements * * * Thus, the Commission is statutorily and constitutionally free to use any ratemaking formula it chooses. * * *
State v. Mountain States Telephone & Telegraph Co., 54 N.M. 315, 336, 224 P.2d 155, 169-170 (1950) (quoting Cities Service Gas Co. v. Federal Power Commission, 155 F.2d 694, 699 (10th Cir.); cert. denied, 329 U.S. 773, 67 S.Ct. 191, 91 L.Ed. 664 (1946)). The Commission is not bound by the opinions of experts so long as the Commission's ultimate decision is supported by substantial evidence. See Public Service Co. v. New Mexico Public Service Commission, 92 N.M. 721, 594 P.2d 1177 (1979). A review of the record indicates that the Commission properly weighed the evidence on the record and did not arbitrarily disregard the evidence presented.
The decision of the Commission was supported by substantial evidence, was made within the lawful regulatory authority of the Commission, and was not arbitrary or capricious. We therefore affirm the decision of the Commission.
IT IS SO ORDERED.
FEDERICI, C.J., and SOSA, Senior Justice, concur.