726 P.2d 351

Dave GRAUERHOLTZ, d/b/a Integrity Enterprises, Plaintiff-Appellee,

v.

The NEW MEXICO LABOR AND INDUSTRIAL COMMISSION, an agency of the State of New Mexico, Defendant-Appellant.

No. 15726.

Supreme Court of New Mexico.

Oct. 6, 1986.

Paul Bardacke, Atty. Gen., Paula G. Maynes, Asst. Atty. Gen., Santa Fe, for defendant-appellant.

David N. Grauerholtz, pro se.

## OPINION

STOWERS, Justice.

This matter having come on for consideration by the Court upon Motion of Appellant, New Mexico Labor and Industrial Commission, for rehearing, and the Court having granted said Motion For Rehearing;

NOW, THEREFORE, IT IS ORDERED that the Opinion filed on August 5, 1986, is hereby withdrawn and the Opinion of this date is hereby substituted therefor.

The New Mexico Labor and Industrial Commission (Commission) appeals the decision of the district court. We affirm in part and reverse in part.

David Grauerholtz d/b/a Integrity Enterprises (Grauerholtz) was hired as a subcontractor to install cabinets and to do "finish" carpentry work on a public works project for New Mexico State University in Las Cruces, New Mexico. The Labor Commissioner, after a routine examination of payrolls submitted by Grauerholtz pursuant to the Public Works Minimum Wage Act (Act), NMSA 1978, Sections 13–4–10 to –17 (Repl.Pamp.1985), became aware that Grauerholtz was employing apprentices (also referred to as pre-apprentices by the Labor Commissioner in Commission's Exhibit R.) in excess of the allowable journey-man-to-apprentice ratio allowed in the carpentry trade. The journeyman-to-apprentice ratio consists of one apprentice for the first journeyman and one apprentice for every four journeymen thereafter. After an investigation, the Labor Commissioner discovered that Grauerholtz was the only journeyman employed for the entire project and that he had employed from two to eight apprentices. The Labor Commissioner determined that the apprentices employed in excess of the allowable ratio were performing the work of carpenters or laborers. Therefore, according to the Labor Commissioner's wage decision, Grauerholtz should have paid those individuals an amount based upon the wages prevailing for those particular classifications, i.e., an amount comparable to that earned by others doing the same type of work on public and private projects of a similar nature. Since carpenters and laborers earn substantially more than apprentices, Grauerholtz should have paid those individuals more money.

Grauerholtz appealed to the Commission. After a hearing, the Commission upheld the Labor Commissioner's wage decision. Grauerholtz then appealed to the district court. The district court reversed the decision of the Commission and ruled that the Commission lacked power under the Act to order the payment of wages. The district court also ruled that the Commission's decision was not supported by substantial evidence.

On appeal, the Commission raises the following issues:

(1) The State Labor Commissioner has implied power to order payment of wages under the Act;

(2) There was substantial evidence in the record to uphold the Commission's decision.

Section 13–4–11 expressly confers upon the Labor Commissioner the power to determine the prevailing wage for purposes of the Public Works Minimum Wage Act. The analogous and nearly identical federal legislation (Davis-Bacon Act, 40 U.S.C. 276a to a–5 (1982)) has been held to give to

the Secretary of Labor, "in the broadest terms imaginable, the authority to determine which wages are prevailing." Caruso, *An Analysis of the Litigation Regarding the Regulations Implementing the Davis-Bacon Act*, 31 Fed.B.News & J. 117, 120 (1984).

However, in securing compliance with its wage determinations, the Labor Commissioner is limited to the remedies and procedures specified in Section 13–4–14. The Commissioner does not have the power to order Grauerholtz to pay the additional wages determined to be due his laborers. If the Labor Commissioner has determined that a person or firm has failed to pay the prevailing minimum wages, then the certification procedure outlined in Subsection 13–4–14(A)–(B) must be followed.

Subsection A applies where the contracting agency has not fully paid the contractor and has retained sufficient money to pay the deficiency to the affected laborers. Under this subsection, the contracting agency is authorized by statute to recompense the laborers for their arrears. If this remedy is employed, the person found by the Commissioner to have willfully violated the Public Works Minimum Wage Act may appeal first to the Commission and then to the district court as outlined in Section 13–4–15. The Commission has the power to affirm or overrule the Labor Commissioner's Wage determinations and certification, but that is the extent of the Commission's enforcement power under the statute.

Subsection B applies where the contracting agency has expended all of its money and has not retained sufficient funds to pay the laborers the deficit. In this instance, the laborers have a direct path to the courts by way of the district attorney.

While we acknowledge that the simpler administrative procedure would be for the Labor Commissioner to directly enforce its wage determinations by ordering the contractor to pay the laborers the additional wages determined to be due, the Legislature has chosen not to follow this course. Section 13–4–14 is free from ambiguity;

therefore, there is no room for construction, and it is to be given effect as written. *See State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977).

In the second issue we are asked to review the decision of an administrative agency. In *Duke City Lumber Co. v. New Mexico Environmental Improvement Board*, 101 N.M. 291, 681 P.2d 717 (1984), we adopted the whole record review announced in *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The whole record standard requires courts

> to review and consider not only evidence in support of one party's contention to determine whether there was substantial evidence to support the agency finding, but courts are to look also to evidence which is contrary to the finding. The reviewing court would then decide whether on balance, the agency's decision was supported by substantial evidence.

*Duke City Lumber Co.* 101 N.M. at 293, 681 P.2d at 719.

The Commission argues that there is substantial evidence based upon the whole record to uphold its two determinations:

1. That there had been no waiver of the journeyman-to-apprentice ratio, and

2. That there was an apprentice classification applicable to the workers.

After reviewing the transcript of proceedings before the Commission, the transcript of record from the district court and the briefs filed in this case, we hold that the Commission's decision is supported by substantial evidence.

For the above reasons, the decision of the district court is affirmed as to the first issue and reversed as to the second issue.

IT IS SO ORDERED.

FEDERICI and WALTERS, JJ., concur.