734 P.2d 245

**Gerald B. TRUJILLO, Tony Albert Sanchez, Pablo N. Bachicha, Alonzo Carrell, Scott William Greenup, Danny Nieto, and Jose A. Villegas, Petitioners-Appellees,**

v.

**EMPLOYMENT SECURITY DEPARTMENT, Respondent,**

and

**Associated Grocers of Colorado, Inc., Respondent-Appellant.**

**No. 8231.**

Court of Appeals of New Mexico.

Jan. 13, 1987.

Jeffrey J. Dempsey, Albuquerque, for petitioners-appellees.

D. James Sorenson, Johnson and Lanphere, P.C., Albuquerque, for respondent-appellant.

## OPINION

HARRIS, District Judge (by designation).

Appellant, Associated Grocers of Colorado, Inc., appeals from an order of the district court following a review by certiorari, reversing an administrative order of the Employment Security Department (ESD), and directing that appellees be awarded unemployment compensation benefits. Two issues are raised on appeal: (1) whether the district court abused its discretion in allegedly substituting its judgment for that of the ESD; and (2) whether the actions of appellees constituted misconduct so as to disqualify them from unemployment compensation benefits. We reverse and remand.

On August 10, 1983, appellees were employed by appellant, Associated Grocers of Colorado, Inc., and worked the 12:00 noon to 8:30 p.m. shift. At approximately 7:45 p.m., the night shift supervisor notified the appellees that overtime would be needed. Because the notice of overtime was given less than one hour before the end of their shift, the appellees, by union contract, were entitled to and did decline to remain overtime. The supervisor then met with the shift personnel at about 8:20 p.m., admitted that his overtime call was in violation of the union contract but asked them to work overtime anyway.

Some of the shift remained to work overtime, but others chose not to do so. The supervisor again met with the majority of the shift at approximately 8:30 p.m., and the supervisor testified that at that time he told them he was drafting them for overtime and wanted them back at 4:30 a.m. He also testified that, in his opinion, the employees present understood what he had said, and that there was no misunderstanding or confusion. However, three of the appellees testified, and they stated that they and others were confused as they understood the supervisor to have said that some employees were going to be called to come in at 4:30 a.m. for overtime. They were never called, so they did not report for work at 4:30 a.m. Their employment was terminated shortly thereafter because they failed to appear for work at 4:30 a.m. All thirteen terminated employees applied for unemployment compensation benefits, but the ESD Appeal Tribunal disqualified them from benefits finding that they were discharged for misconduct connected with their work. The employees appealed, and the ESD Board of Review affirmed the Appeal Tribunal. Seven of the terminated employees then petitioned the district court for a writ of certiorari, and the district court entered its judgment reversing the ESD and awarding benefits to the seven petitioners.

The issue before us is whether the failure of appellees to report for work at 4:30 a.m. constituted misconduct under NMSA 1978, Section 51-1-7 (Repl.Pamp.1983).

## I. STANDARD OF REVIEW

Appellant contends that the trial court abused its discretion in overturning the decision of ESD and in adopting findings of fact and conclusions of law contrary to those found by the administrative agency.

█ Appellees argue initially that appellant waived its contention that the findings of fact of the district court are not supported by substantial evidence because appellant's brief failed to contain a summary of facts accompanied by references to the record on appeal showing a finding of proof of each factual allegation contained therein. Appellees stated that the violation of NMSA 1978, Civ.App. Rule 9(a)(3)(iii) (Supp.1985) should result in a waiver of that issue. While appellant did not cite every relevant portion of the transcript on the issues raised, it did refer to a substantial portion of material evidence. The facts

here are very similar to those in *Danzer v. Professional Insurors, Inc.*, 101 N.M. 178, 679 P.2d 1276 (1984), and in that case the court stated the deficiencies in citing to the evidence in the record were not immoderate. The Rules of Appellate Procedure are construed liberally so that causes on appeal may be determined on their merits. *Maynard v. Western Bank*, 99 N.M. 135, 654 P.2d 1035 (1982). Therefore, appellant has not waived its contention as to the substantial evidence issue.

Section 51-1-7 of the Unemployment Compensation Act specifies the basis for disqualification for eligibility to receive unemployment compensation benefits. Subsection (B) thereof provides:

> B. if it is determined by the department that he has been discharged for misconduct connected with his work or employment. The disqualification shall continue for the duration of his unemployment and until he has earned wages in insured work or such bona fide employment other than self-employment as provided by regulation of the department in an amount equivalent to five times his weekly benefit amount otherwise payable * * * *

The parties agree that the scope of judicial review of findings of fact made by administrative agencies is the "whole record review." *Duke City Lumber Co. v. New Mexico Environmental Improvement Board*, 101 N.M. 291, 681 P.2d 717 (1984); *Alonzo v. New Mexico Employment Security Department*, 101 N.M. 770, 689 P.2d 286 (1984). This requires the courts to review and consider not only evidence in support of one party's contention to determine whether there was substantial evidence to support the agency finding, but courts are to look also to evidence which is contrary to the finding; and the reviewing court must then decide whether, on balance, the agency's decision was supported by substantial evidence.

*Duke City* expressly sought to remedy New Mexico's outdated standard of review, which was contrary to that followed in federal courts and the majority of other jurisdictions. (That standard required the reviewing court to view evidence in the light most favorable to support the Board's findings, ignoring all evidence unfavorable to the decision.) Although the supreme court confirmed the "most favorable light" standard for orders and judgments of trial courts, it expressly adopted the "whole record" standard for administrative appeals. Under the new standard, the reviewing court must now look at evidence which is contrary to the agency's finding instead of disregarding it as before.

*Duke City* expressly patterned the whole record standard after *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The reviewing court can introduce its own findings if it determines the Board's findings are not supported by substantial evidence. *Abernathy v. Employment Security Commission*, 93 N.M. 71, 596 P.2d 514 (1979). Neither *Universal Camera* nor *Duke City*, however, changed the standard of review so as to permit the reviewing court to enter its own findings if the administrative agency's decision is supported by substantial evidence.

There are two areas within *Duke City* that could account for confusion. First, in explaining the whole record standard, the court quotes from an earlier case in which the court attempted to apply that standard: "Because of the minor departure from the customary substantial evidence rule in reviewing administrative decisions where the record as a whole must be considered, the reviewing court may act on other convincing evidence in the record and may make its own findings based thereon." *New Mexico Human Services Dept. v. Garcia*, 94 N.M. 175, 177, 608 P.2d 151, 153 (1980). Taken alone, this appears to authorize independent findings just because the record as a whole must be considered. It is questionable, however, whether the court intended to convey that meaning. Immediately following the above quotation, the *Garcia* court affirms its prior holding permitting independent findings only if the Board's findings are *not* supported by substantial evidence. *Compare Id.* at 177, 608 P.2d at 153 *with Abernathy*, 93 N.M. at 72, 596 P.2d at 515. The true meaning of the passage, therefore, seems to be that the independent findings by the reviewing

court are authorized if the Board's findings, after considering all conflicting evidence, are unsupported by substantial evidence. We note that the *Duke City* opinion does not contain that portion of *Garcia* which refers to the rule governing independent findings.

Second, *Duke City* also quoted from *Garcia* that, " 'In order to determine whether the decision by HSD is supported by substantial evidence in the record as a whole, we must view the evidence in the light most favorable to the decision by HSD.' " *Duke City* at 294, 681 P.2d at 720 (*quoting Garcia* at 177, 608 P.2d at 152). *Universal Camera*, on the other hand, interpreted the whole record standard as mandating review of the evidence opposed to the Board's position in the light that the record in its entirety furnishes. *Universal Camera*, 340 U.S. at 488, 71 S.Ct. at 464.

It is therefore unlikely, given *Duke City's* reliance on *Universal Camera*, that the court intended on one hand to require the reviewing court to consider all conflicting evidence and not just favorable evidence and on the other hand to continue to view the evidence in the light most favorable to the agency. In fact, in an opinion after *Duke City*, the supreme court noted, "Substantial evidence in an administrative agency review requires whole record review, not a review limited to those findings most favorable to the agency order." *Groendyke Transport, Inc. v. New Mexico State Corporation Commission*, 101 N.M. 470, 477, 684 P.2d 1135, 1142 (1984).

There are, however, at least three supreme court opinions written after *Duke City* that use the old "view the evidence in the light most favorable to the decision" standard: *Attorney General of State of New Mexico v. New Mexico Public Service Commission*, 101 N.M. 549, 553, 685 P.2d 957, 961 (1984) (*citing Garcia*); *Mutz v. Municipal Boundary Commission*, 101 N.M. 694, 699, 688 P.2d 12, 17 (1984) (*citing Duke City Lumber*); and *Jimenez v. Dept. of Corrections*, 101 N.M. 795, 796, 689 P.2d 1266, 1267 (1984) (*citing Duke City* as *quoting Garcia*).

It appears, therefore, that *Garcia* may be a root cause of confusion. *Garcia* pre-

ceded *Duke City* and sought to implement the whole record review which the court believed was required by statute. *See* NMSA 1978, § 27–3–4(F) (Repl.Pamp.1984). The court's analysis made no reference to *Universal Camera*.

The latest appellate decision discussing the whole record standard of review is *Grauerholtz v. New Mexico Labor & Industrial Commission*, 104 N.M. 674, 726 P.2d 351 (1986). In *Grauerholtz*, the court stated that in *Duke City* "we adopted the whole review announced in *Universal Camera Corp. v. NLRB*, 340 U.S. 474, [71 S.Ct. 456, 95 L.Ed. 456] (1951)." Quoting from *Duke City*, the court in *Grauerholtz* noted the reviewing court must look at the record to determine whether there was substantial evidence to support the agency finding, but also must look " 'to evidence which is contrary to the finding. *The reviewing court would then decide whether on balance, the agency's decision was supported by substantial evidence.' " Id.* at 676, 726 P.2d at 353 (emphasis added).

■ In sum, it appears that the whole record standard of review is as follows:

A. The whole record review means considering all the evidence, whether it is favorable or unfavorable;

B. The evidence should be considered in light of the entire record; and

C. Independent findings by the reviewing court reaching a contrary result from that of the administrative agency are permissible where the decision of the administrative agency is not supported by substantial evidence, it is arbitrary or capricious or it is contrary to law.

Finally, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Attorney General of New Mexico v. New Mexico Public Service Commission. See also* Utton, *The Use of the Substantial Evidence Rule to Review Administrative Findings of Fact in New Mexico*, 10 N.M. L.Rev. 103 (1979–80).

In *Duke City*, 101 N.M. at 294, 681 P.2d at 720, the court (*quoting* from *Garcia*), stated:

> [T]he substantial evidence rule must be applied to the *entire record* and that segments of the record may not be ignored in applying the rule. The statute does not mean that upon judicial review of the findings by HSD, the Court may reweigh the evidence and reassign the preponderance of evidence. [Emphasis in original.]

In our present case, the decision of the agency was supported by substantial evidence and not contrary to law, and the trial court erred in reweighing the evidence.

## II. CLAIM OF MISCONDUCT

The ESD Appeal Tribunal found that appellees should be disqualified from receiving unemployment compensation benefits because of misconduct in failing to report for overtime work.

The critical issues before the agency were issues of fact, and the evidence in the record as a whole would have supported conflicting conclusions. Under these circumstances, the whole record standard does not permit the reviewing court to substitute its judgment for that of the agency.

> To be sure, the requirement for canvassing "the whole record" in order to ascertain substantiality does not furnish a calculus of value by which a reviewing court can assess the evidence * * * * Nor does it mean that ... a court may displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*.

*Universal Camera Corp. v. NLRB*, 340 U.S. at 488, 71 S.Ct. at 465.

On certiorari, the district court found that appellees' failure to report for work was due to confusion "regarding the instructions given them and did not understand that they were required to appear for overtime without being called off the seniority [sic] list." There was testimony from the appellees that they were confused about the overtime issue, but there was also testimony from the night shift supervisor that his orders directing the employees to report were explicit and not confusing. The testimony from the night shift supervisor is substantial evidence.

Appellees argue that the evidence reveals a single isolated incident in the course of satisfactory employment of appellees by appellant. Appellees cite the case of *Alonzo v. New Mexico Employment Security Dept.* In that case, the court found that the refusal to wear a smock on one occasion was an isolated incident in an otherwise good performance record during almost three years of employment, and that such refusal did not rise to a level of wilful or wanton misconduct that would harm her employer's business interests.

It should be noted that even though Alonzo refused to wear a smock, she fully did her job; and the refusal to wear a smock while doing the job did not significantly affect her employer's business. In the present case, the alleged confusion did cause some difficulty in coordinating, receiving and shipping.

In *Mitchell v. Lovington Good Samaritan Center, Inc.*, 89 N.M. 575, 577, 555 P.2d 696, 698 (1976) (*quoting Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259–60, 296 N.W. 636, 640 (1941)), the supreme court adopted the following definition for misconduct:

> "[M]isconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee * * * * On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

Whether the failure of the appellees to report for work at 4:30 a.m. constituted misconduct is a question of fact to be determined from all the attendant circumstances

in each case. There was testimony that there was confusion as to overtime, and there was testimony that there did not appear to be any such confusion. It is not the function of reviewing courts to determine the credibility of witnesses. *New Mexico Human Services Dept. v. Garcia.* Also, under the employment contract, the employer had a right to draft employees to work overtime in emergency situations significantly affecting the employer's interests. Appellees do not challenge the reasons appellant determined overtime work was necessary.

## CONCLUSION

There was substantial evidence to support the finding of misconduct by the administrative agency, and the trial court improperly reweighed the evidence and substituted its judgment for that of the administrative agency. For these reasons, the decision of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.