748 P.2d 24

John M. PERKINS & Kay B. Thompson, Appellants,

v.

DEPARTMENT OF HUMAN SERVICES, Appellee.

Nos. 9537, 9542.

Court of Appeals of New Mexico.

Dec. 15, 1987.

Corliss Thalley, Asst. Gen. Counsel, Human Services Dept., Santa Fe, for appellee.

Lawrence W. Allred, Las Cruces, for appellant Perkins.

Joseph M. Holmes, Pickett & Holmes, Las Cruces, for appellant Thompson.

## OPINION

DONNELLY, Chief Judge.

This is an administrative appeal by Kay B. Thompson and John M. Perkins from orders of the district court and State Personnel Board (Board) affirming their dismissals from the Human Services Department (HSD). The two appeals have been consolidated. We jointly discuss: (1) whether the dismissals were supported by substantial evidence; (2) whether the terminations were arbitrary, capricious or an abuse of discretion; and (3) whether the decisions of the district court and the Board were in accordance with the law and evidence. We affirm.

Following allegations of child abuse concerning a teenage girl (R.A.) placed in the custody of HSD, department officials began an internal investigation of policies and personnel in HSD's Dona Ana County office. Thompson was employed as the county office manager for the social services division. Perkins was employed as a supervisor in the same office.

The investigation revealed that on November 5, 1982, R.A. was placed by HSD in a foster group home (Garcia home) in Dona Ana County. Mary Phillips, a social worker, was assigned to the case. On January 14, 1983, Minnie Garcia, the operator of the home, phoned Phillips and alerted her to the fact that R.A. may have been physical-

ly abused by others in the home. Phillips spoke to R.A. and was told that Garcia's son threatened and beat her, and forced her to engage in sexual intercourse. Thereafter, Phillips removed R.A. from the home. On January 17, 1983, Phillips reported these events to Perkins. Perkins in turn related this information to Thompson. Perkins ordered that R.A. be moved back to Las Cruces and placed in another foster home. Shortly thereafter, Phillips was removed from the case and she was told by Thompson not to tell R.A.'s mother about the allegations of abuse.

HSD's internal investigation also revealed that the Garcia home had inadequate staffing and supervision; that it exceeded its maximum authorized capacity of children; that despite previous reports of sexual misconduct in the Garcia home, HSD's Dona Ana County personnel continued to place other teenage girls, including R.A., in the same home without investigating the reports; that licenses for each foster home in Dona Ana County except one, had been allowed to lapse; that despite the seriousness of the alleged child abuse, the incident involving R.A. was not reported by Perkins or Thompson to the police or district attorney; that when R.A. was removed from the Garcia home, prompt action was not taken to protect other children in the same home from possible abuse; that notice was not given to R.A.'s mother concerning the change of foster home, or the mother's right to be consulted regarding R.A.'s medical care; that HSD failed to secure a continuation of R.A.'s legal custody, resulting in a loss of legal custody over the child; and that contrary to a prior HSD directive, Phillips had been permitted to remain as a social worker in child protective services cases. Further investigation also disclosed that the Garcia home had been issued two inconsistent state licenses, one by the Health and Environment Department as a 24-hour child care facility, and one by HSD as a foster home.

Following HSD's initial investigation, both Perkins and Thompson were placed on suspension for failing to notify authorities of the allegations of sexual and physical abuse concerning R.A. Thereafter, after further investigation, HSD notified both Perkins and Thompson that they were terminated from their employment. Thompson appealed both her suspension and discharge to the Board; Perkins appealed only his discharge.

HSD specified five separate grounds for the termination of Perkins: (1) failure to adequately monitor and evaluate the placement of children under his supervision and in protective custody; (2) failure to timely inform R.A.'s mother of the allegations of abuse and of the change of foster home; (3) failure to obtain an extension of legal custody over R.A. or to adequately supervise her case; (4) negligently allowing the Garcia foster home to be licensed in violation of statutory and departmental regulations; and (5) failure to implement and follow an order by HSD district operations manager directing that Mary Phillips be assigned only to adult cases. Thompson was notified that her termination was based upon similar grounds (except as to the last allegation). HSD assigned as a further basis for Thompson's dismissal that she had failed to properly monitor all group home and foster home licenses in the county in a timely manner.

A hearing was held before a hearing officer appointed by the Board. At the conclusion of the hearing, the hearing officer entered a written decision containing findings of fact and conclusions of law and upholding the suspension of Thompson and the terminations of both Perkins and Thompson. The Board adopted the hearing officer's decision in full. Thereafter, Perkins and Thompson appealed the Board's decision to the Dona Ana County District Court. Following a hearing, the district court affirmed the Board's action.

## I. SUFFICIENCY OF THE EVIDENCE

■ Both Perkins and Thompson contest the sufficiency of the evidence relied upon by the Board and the district court to uphold their terminations and the suspension of Thompson. Neither Perkins nor Thompson, however, have challenged the findings adopted by the Board or district court, but

rather, have made a generalized attack contending that the findings are not supported by substantial evidence.

In reviewing appeals from the district court perfected under the Personnel Act, NMSA 1978, Sections 10–9–1 to –25 (Repl. Pamp.1987), the scope of our review is the same as that of the district court. *Padilla v. Real Estate Comm'n,* 106 N.M. 96, 739 P.2d 965 (1987); *Jimenez v. Department of Corrections,* 101 N.M. 795, 689 P.2d 1266 (1984). Under Section 10–9–18(G), a reviewing court on appeal must affirm the decision of the Board "unless the decision is found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence; or (3) otherwise not in accordance with law."

In determining the sufficiency of the evidence, we apply the whole record standard of review. *Grauerholtz v. New Mexico Labor & Indus. Comm'n,* 104 N.M. 674, 726 P.2d 351 (1986); *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 101 N.M. 291, 681 P.2d 717 (1984); *on remand,* 102 N.M. 8, 690 P.2d 451 (Ct.App. 1984); *Trujillo v. Employment Sec. Dep't,* 105 N.M. 467, 734 P.2d 245 (Ct.App.1987). In *Trujillo,* we outlined the meaning of whole record review:

A. The whole record review means considering all the evidence, whether it is favorable or unfavorable;

B. The evidence should be considered in light of the entire record; and

C. Independent findings by the reviewing court reaching a contrary result from that of the administrative agency are permissible where the decision of the administrative agency is not supported by substantial evidence, it is arbitrary or capricious or it is contrary to law.

*Id.* at 470, 734 P.2d at 248.

In accordance with Section 10–9–18(E), the hearing officer heard the evidence and adopted extensive findings of fact and conclusions of law. The findings of fact adopted by the administrative hearing officer and approved by the Board and the district court, provided in part: that HSD was charged by law with the responsibility for investigating and protecting children who are, or are reported to be, neglected, abused or exploited under the Children's Code; that Thompson, as county office manager, was responsible for insuring that proper procedures were instituted for the placement and protection of those children within the county office's care; that Thompson was responsible for reporting cases involving suspected child abuse to the district attorney and for reporting changes of foster residence and nonemergency medical care to the child's parents; and that Perkins' responsibilities as a unit supervisor included overseeing the case involving R.A. and the case worker assigned to that case.

The findings also also noted that both Perkins and Thompson negligently permitted the Garcia home to be licensed as a substitute care facility and they placed children therein; that Perkins and Thompson had both received previous reports about problems in the home, including information concerning physical and sexual abuse of children placed therein; that Perkins and Thompson failed to notify the district attorney and R.A.'s parents of the alleged sexual abuse; that Thompson directed Phillips not to notify the parents concerning the incident; that neither Perkins nor Thompson notified R.A.'s parents of her change of foster home.

The findings indicate that Perkins and Thompson negligently permitted custody of R.A. to lapse so that as of April 1, 1983, she was illegally in substitute care; that Perkins negligently supervised Phillips; that Perkins and Thompson had been previously ordered by an HSD supervisor to remove Phillips from child protective services and this order was not carried out.

Significantly, the adopted findings found that Thompson failed to insure that all group home and foster home licenses were renewed in a timely manner; that Thompson was responsible for insuring that homes were inspected, studied and licensed; that only one facility in Dona Ana County had a valid license; that all other foster home licenses had been allowed to expire without any renewal of licenses; and that on May 26, 1983, approximately sixty chil-

dren in the legal and physical custody of HSD were residing in unlicensed facilities in Dona Ana County.

Based upon its findings, the Board concluded that Thompson's failure to promptly report the alleged sexual abuse of R.A. to the proper authorities constituted negligence and provided just cause for her suspension. The Board also concluded that Thompson's failure to carry out and perform her duties and responsibilities as county office manager constituted negligence and inefficiency, providing just cause for her dismissal. Similarly, the Board concluded that Perkins' failure to carry out and perform his duties and responsibilities as a supervisor amounted to serious negligence and inefficiency constituting proper cause for his dismissal.

A reviewing court will not reweigh the evidence, *New Mexico Human Serv. Dep't v. Garcia,* 94 N.M. 175, 608 P.2d 151 (1980), or substitute its judgment for that of the administrative agency so long as the agency's findings are supported by substantial evidence on the record as a whole. *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.* " 'Substantial evidence in an administrative agency review requires whole record review, not a review limited to those findings most favorable to the agency order.' " *Trujillo v. Employment Sec. Dep't,* 105 N.M. at 470, 734 P.2d at 248 (quoting *Groendyke Transport, Inc. v. New Mexico State Corp. Comm'n,* 101 N.M. 470, 477, 684 P.2d 1135, 1142 (1984)). This requires the court to review and consider not only the evidence in support of one party's contention, but also to look at evidence which is contrary to the administrative finding; the reviewing court must then decide whether, on balance, the agency's decision was supported by substantial evidence. *Cibola Energy Corp. v. Roselli,* 105 N.M. 774, 737 P.2d 555 (Ct.App.1987); *see Trujillo v. Employment Sec. Dep't.*

Applying the above rules to the case before us, and based upon a full review of the record herein, we determine that the findings and conclusions of the Board and the district court were supported by substantial evidence on the record as a whole.

## II. CLAIM OF ARBITRARINESS, CAPRICIOUSNESS AND ABUSE OF DISCRETION

■ Perkins and Thompson each assert that the decisions of the Board and district court should be overturned on grounds that they are arbitrary, capricious and an abuse of discretion, contrary to Section 10–9–18(G) of the Personnel Act. We disagree.

■ Arbitrary and capricious action by an administrative agency consists of a ruling or conduct which, when viewed in light of the whole record, is unreasonable or does not have a rational basis, and " 'is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the 'winnowing and sifting' process.' " *Garcia v. New Mexico Human Servs. Dep't,* 94 N.M. 178, 179, 608 P.2d 154, 155 (Ct.App.1979) (quoting *Olson v. Rothwell,* 28 Wis.2d 233, 239, 137 N.W.2d 86, 89 (1965)). An abuse of discretion is established if the agency or lower court has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. *Le Strange v. City of Berkeley,* 26 Cal.Rptr. 550, 210 Cal.App.2d 313 (1962). An abuse of discretion will also be found when the decision is contrary to logic and reason. *Newsome v. Farer,* 103 N.M. 415, 708 P.2d 327 (1985); *Sowders v. MFG Drilling Co.,* 103 N.M. 267, 705 P.2d 172 (Ct.App.1985).

■ On appeal, the role of an appellate court in determining whether an administrative agency has abused its discretion by acting in an arbitrary and capricious manner, is to review the record to determine whether there has been unreasoned action without proper consideration in disregard for the facts and circumstances. *Petras v. Arizona State Liquor Bd.,* 129 Ariz. 449, 631 P.2d 1107 (App.1981); *Barrie v. Kitsap County,* 93 Wash.2d 843, 613 P.2d 1148 (1980) (En Banc). Where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though another conclusion might have been reached. *Mar-*

*icopa County v. Gottsponer*, 150 Ariz. 367, 723 P.2d 716 (App.1986).

Measured by the above standards, the decisions of the Board and district court were not arbitrary, capricious or an abuse of discretion. The findings of the Board were supported by proper evidence; these findings, in turn, support the conclusions of the Board and the district court.

## III. COMPLIANCE WITH LAW

For their final point, Perkins and Thompson contend that the decision of the Board, as affirmed by the district court, was not in accordance with law as required by Section 10–9–18(F) of the Personnel Act. The term "not in accordance with law" involves action taken by an agency or court which is based on an error of law, is arbitrary and unreasonable, or is based on conjecture, and is inconsistent with established facts. *See Speaks v. Hoage*, 78 F.2d 208 (D.C.Cir. 1935); *New Amsterdam Casualty Co. v. Hoage*, 46 F.2d 837 (D.C.Cir.1931). Whether a ruling or decision of an administrative agency is "not in accordance with law" is a question of law to be decided by the court. *See Dobson v. Commissioner of Internal Revenue*, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 (1943).

In their challenges contesting the lawfulness and asserting the arbitrariness of the disciplinary action taken against them, Perkins and Thompson point to evidence in the record which they contend shifted responsibility for supervision over inspection and licensing of the Garcia and other foster homes to either subordinate personnel or other state officials in higher administrative capacities. Similarly they argue that responsibility for a failure to perform certain duties should be ascribed to others. Both Perkins and Thompson disclaim knowledge of licensing deficiencies and sexual abuse in the Garcia home, or for reporting incidents of suspected sexual abuse of minors in the custody of HSD. These arguments, however, do not detract from the evidence contained in the record upholding the findings adopted below and indicating a failure of both Perkins and Thompson to exercise proper responsibility for supervision and for implementing proper policies and procedures over the care and supervision of dependent children in accordance with the duties of their respective offices and positions. By statute, social workers and other persons acting in their official capacities "knowing or suspecting that a child is an abused or neglected child" are required to report such matters immediately to the district attorney. NMSA 1978, § 32–1–15. This same statute requires the county HSD office to investigate and take prompt action concerning the allegations.

While the hearing officer found that Perkins neither observed nor was informed of any substantial problems in the Garcia home, other findings adopted by the hearing officer indicate that Perkins' responsibilities included the duty to review case narratives applicable to the Garcia home and that such narratives discussed the potential dangers of placing teenage girls in the Garcia home.

■ In discharging its duties for caring and protecting homeless, dependent or neglected children, HSD acts as guardian or custodian for such children and, in such capacity, it is charged with a duty to care for their physical and mental well being. NMSA 1978, §§ 9–8–13 & –14 (Repl.1987). Both Perkins and Thompson occupied supervisory roles in HSD's county office. As supervisors they were responsible for establishing and maintaining appropriate policies and procedures concerning the placement and care of children under HSD's protective custody. They also had a duty to properly monitor the work of employees under their direction and to exercise appropriate action to insure that subordinates properly carried out their duties and responsibilities. Although supervisory personnel are not responsible for every act or omission of employees under their direction, the duties of both Perkins and Thompson encompassed a responsibility to oversee and supervise the safety and wellbeing of children entrusted to HSD in their county. Their duties as employees included a responsibility to perform this work in a reasonably diligent and skillful manner.

*See Brock v. Mutual Reports, Inc.,* 397 A.2d 149 (D.C.App.1979).

We have examined each of the arguments raised on appeal and find that the evidence and record before us properly supports the findings and conclusions entered below, and supports the decisions of HSD ordering the suspension of Thompson and the terminations of employment of Perkins and Thompson.

The decisions of the district court and the Board are affirmed. We deem oral argument unnecessary. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct. App.1977).

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.