660 P.2d 583

COMMUNITY PUBLIC SERVICE COM-
PANY, El Paso Electric Company, New
Mexico Electric Service Company, Pub-
lic Service Company of New Mexico and
Southwestern Public Service Company,
Petitioners-Appellants,

v.

NEW MEXICO PUBLIC SERVICE COM-
MISSION, Respondent-Appellee,

and

New Mexico Attorney General, et al.,
Intervenors-Appellees.

No. 14114.

Supreme Court of New Mexico.

March 16, 1983.

Hinkle, Cox, Eaton, Coffield & Hensley, Paul J. Kelly, Jr., Roswell, for Southwestern Public Service Co. and Community Public Service Co. and N.M. Elec. Service Co.

Keleher & McLeod, Richard B. Cole, Robert H. Clark, Albuquerque, for Public Service Co. and Community Public Service Co. & N.M. Electric Serv. Co.

William Royer, El Paso, Tex., for El Paso Elec.

Jeff Bingaman, Atty. Gen., Jeffrey Fornaciari, Paul L. Biderman, Asst. Attys. Gen., Santa Fe, for intervenors.

Patrick T. Ortiz, Com'n Counsel, Geoffrey Sloan, Charles F. Noble, Staff Attys., Santa Fe, for N.M. Public Service Comm.

Suedeen G. Kelly, Melvin M. Eisenstadt, Albuquerque, for Energy Consumers of N.M., et al.

## OPINION

PAYNE, Chief Justice.

This case presents several questions of first impression in New Mexico relating to the Public Service Commission's (PSC) regulation of public utilities.

In January 1978, the PSC issued a notice of rulemaking regarding its intention to adopt a General Order. This was done pursuant to 16 U.S.C. Section 2601 (1978) requiring state regulatory authorities to hold hearings and adopt standards relating to various aspects of utility businesses. The proposed General Order set forth the PSC policy with respect to, *inter alia,* rate-setting treatment of public utility expenditures for advertising. The PSC also directed all gas and electric utilities within its jurisdiction to submit a list of these expenditures for the 1977 calendar year. The utilities submitted the requested information, and in May 1978, the PSC held a non-adversary, public hearing regarding the General Order.

In August 1979, the PSC approved and issued its order, entitled General Order No. 31 (G.O.31). The PSC denied applications for rehearing filed by several utilities. In November 1979, Community Public Service Company, et al. (Appellants), petitioned for review in district court pursuant to Section 62–11–1, N.M.S.A.1978 (Cum.Supp.1982). The district court dismissed the petition and found that it was without jurisdiction because none of the Appellants were "parties" to the proceeding according to Section 62–11–1, and therefore lacked standing. The court also found that "even if there were such standing, [Appellants'] petition for review is barred by the limitation of time specified in Section 62–11–1."

### I.

The term "party," as used in Section 62–11–1, is not statutorily defined. The PSC notes that the meaning of the term has jurisdictional impact because any party to a proceeding before the PSC may petition for review. The PSC argues that Appellants were not parties because the proceeding involved was one of rulemaking for prospective application of standards which, because no one's rights were foreclosed by the outcome, did not raise an immediate, adversarial controversy.

■ We cannot adopt the PSC's argument for two reasons. First, the statutory language of Section 62–11–1 is too broad to support PSC's contention. The statute states in pertinent part: "*Any* party to *any* proceeding before the commission may file a petition. . . ." (Emphasis added.) In our view, this language is broad and requires

liberal application which clearly encompasses Appellants. Therefore, we hold that Appellants were parties to the proceeding. Second, our interpretation of "party" fulfills the clear purposes of G.O.31. In the opinion attached to G.O.31, the PSC listed two main purposes to be accomplished by G.O.31:

> (1) to reduce the length and expense of rate cases by instituting a general policy regarding expense items which often have minor dollar impact upon the rates ultimately charged ratepayers,
>
> \* \* \* \* \* \*
>
> (3) to foster the establishment of just and reasonable rates to consumers.

If review of a General Order originating from a rulemaking proceeding were unavailable, as would be the case if there were no parties to the proceeding, objections to the policy expressed in the order could be raised only in individual cases. This time-consuming process would defeat the public policy of reducing the length and expense of rate cases. On the other hand, complete non-review of these cases would be equally undesirable. In our view, judicial review is the means specified by the Legislature to assure that rates are just and reasonable. It is clear that unnecessary postponement of this review cannot advance the legislative scheme to reduce the length and expense of rate cases. These considerations are especially compelling where, as here, the General Order governs items worth relatively minor sums of money. Even if the General Order were improper or unreasonable, its impact would be so minor that the utilities would probably not suspend rates in order to appeal issues involving such minor expenses.

STATUTORY LIMITATION PERIOD

Section 62–11–1 requires that in order to be heard "a petition for review must be filed within thirty days after the entry of the commission's order." We note that the district court does not state how Section 62–11–1 would bar Appellants' claims if they had standing. The PSC offers two plausible bases for the trial court's ruling that Appellants lacked standing. The PSC

states that all of Appellants' challenges to G.O.31 are either alleged due process violations arising under G.O.29's rulemaking procedures, or are alleged problems with the standards themselves which were applied to Appellants before the official adoption of G.O.31. Because these problems and violations were never challenged, we choose to address them now.

**1. The challenge of G.O.31 is actually a challenge of G.O.29.**

G.O.29 became effective in June 1977. It establishes a rulemaking procedure which enables the PSC "to secure the views and statements of all interested persons concerning rules and regulations adopted pursuant to the Public Utility Act, § 68–5–1, N.M.S.A.1953." PREAMBLE, G.O.29. G.O.29 states in pertinent part:

> 4. RULEMAKING PREREQUISITES: Prior to the adoption, amendment or repeal of any rule, the Commission shall, at least 45 days prior to its proposed action:
>
> a. publish notice of its proposed action in newspapers of general circulation in the State of New Mexico \* \* \*.
>
> b. notify the utilities under its jurisdiction by mail \* \* \*.
>
> c. (1) give the date, time and place of any public hearing and state the manner in which comments may be submitted to the Commission by interested persons \* \* \*.
>
> d. [a]fford all interested persons reasonable opportunity to submit written data, views or arguments, in support of or opposition to, a proposed rule \* \* \*.
>
> \* \* \* \* \* \*

Essentially, G.O.29 requires the PSC to give advance notice of proposed action in order to afford all interested persons reasonable opportunity to submit data and arguments relating to a proposed rule, and to adopt any rule or regulation by issuing a General Order. It also permits the PSC to appoint a hearing officer and to hold hearings at which the rules of civil procedure and evidence are not enforced.

The PSC argues that it followed G.O.29 when it adopted G.O.31, and that

Appellants' attack is actually a collateral attack on G.O.29. We hold that any attack on G.O.31 is time-barred because no challenge to G.O.29 was brought within the 30-day period set out in Section 62–11–1. Appellants argue that G.O.31 is not a "rule or regulation" and thus its adoption was not governed by G.O.29. Further, they argue that under Section 62–10–1, N.M.S.A.1978, the PSC must hold a hearing before adopting any order "affecting" rates. Section 62–10–1 states in relevant part:

Upon a complaint made and filed by any municipality, or by any person or party affected, that any rate, service regulation, classification, practice or service in effect or proposed to be made effective is in any respect unfair, unreasonable, unjust or inadequate, the commission may proceed, * * * to hold such hearing as it may deem necessary or appropriate; but no such hearing shall be had without notice, and no order affecting such rates, service regulations, classifications, practice or service complained of shall be entered by the commission without a hearing and notice thereof * * *.

G.O.31 clearly affects rates, and therefore could not be adopted without a prior hearing. Even if G.O.29 was followed when G.O.31 was adopted, G.O.29 merely allows for a hearing which the PSC declined to hold. Thus, we find that the challenge is directed to the PSC's failure to hold a hearing and not to G.O.29. Because G.O.29 fulfills the statutory requirement of Section 62–10–1 that a hearing be held, we need not reach the question whether G.O.29 applies to the adoption of orders like G.O.31. Appellants appear to be challenging the failure of the PSC to comply with Section 62–10–1, within the framework of G.O.29. Thus, we find no collateral attack on G.O.29, and that the petition was not time-barred on this ground.

**2. Appellants' failure to appeal individual rate case determinations constituted waiver of their challenge against G.O.31.**

■ All but one of Appellants has individually accepted treatment under the policies expressed in G.O.31. This treatment occurred in rate cases while G.O.31 was pending. In none of those cases did Appellants pursue an appeal on the basis of the application of G.O.31 policy. Based on these facts, the PSC argues that Appellants waived their challenge to G.O.31.

This argument is entirely without merit. First, it reaffirms what we stated previously, namely, that utilities would not suspend and challenge rates in order to appeal issues involving minor sums of money. Second, there is no basis for concluding that acceptance of a particular treatment in one case constitutes a waiver of objection to similar treatment in future cases. Even if the PSC's argument had merit, we hold that it would not justify dismissal of utilities to which the policy was not applied.

SCOPE OF HEARING

■ Section 62–10–1 does not specify the minimum requirements of a "hearing." Under G.O.29, the PSC provided for the appointment of hearing officers and for a record of the hearing. Although the rules of civil procedure and evidence are not enforced at such hearings, comments by all interested persons may be heard. No authority has been cited which would require more extensive procedural requirements than those outlined in G.O.29. Thus, we hold that G.O.29 hearings will satisfy the requirements of Section 62–10–1.

Appellants also discuss PSC's hearing procedures set forth in its Second Revised General Order No. 1. We note, however, that this order was not in effect at the time G.O.31 was being considered and therefore has no bearing on the present case.

CONSIDERATION OF THE MERITS

· ■ Under Section 62–11–1, the statute in effect at the time the events in this case were occurring, petitions for review were directed to the district court. This statute has now been amended to direct such petitions to this Court. Appellants urge this Court to decide the instant case on the merits because of the time delay which has

already occurred. We decline to do so for two reasons. First, we must apply the statute in effect at the time the events occurred in this case. This requires the district court, rather than this Court, to hear the merits. Second, in order to rule on the merits, we would have to permit the same full argument and presentation of evidence introduced at the hearing. For this Court to do so, in lieu of the district court, review on the merits would be clearly improper. § 62–11–1.

Accordingly, the judgment is reversed and remanded with directions to consider the merits.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, RIORDAN and STOWERS, JJ., concur.