This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.
                          NO. A-1-CA-36159

DONALD R. BENSON,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Jerry H. Ritter Jr., District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

FRENCH, Judge.

{1} Defendant Donald R. Benson was convicted of one count of criminal sexual penetration in the third degree, contrary to NMSA 1978, Section 30-9-11(F) (2009). Defendant raises two issues on direct appeal: (1) Defendant's trial counsel was constitutionally ineffective because he failed to file a Rule 11-412 NMRA motion prior to trial to allow introduction of evidence regarding a prior sexual relationship between Defendant and Victim; and (2) the evidence presented at trial was insufficient to support his conviction. We hold Defendant has failed to make a prima facie showing of ineffective assistance of counsel and that there was sufficient evidence to convict Defendant of criminal sexual penetration. We affirm Defendant's conviction.

**BACKGROUND**

{2} Defendant and Victim had been acquainted with each other for several months before the alleged sexual assault. On the day of the incident, Defendant went to Victim's home while her husband was out of town and had sexual intercourse with Victim. After Defendant left Victim's home, Victim contacted the police and reported Defendant had raped her. Victim was examined by a sexual assault nurse examiner, who observed no physical injuries to Victim. There were no witnesses to the incident other than Defendant and Victim.

{3} Defendant's sole defense during trial was that on the date in question the sexual intercourse between himself and Victim was consensual, and that Victim

reported it as rape because he did not give her enough money. Defendant attempted to explain that he and Victim had an ongoing sexual relationship for several months prior to the incident. He stated that he and Victim had been in a relationship for nearly one year, and that they "were making love." The State objected to this line of testimony on the ground that Defendant failed to file a pretrial motion pursuant to Rule 11-412. The district court sustained the State's objection, disallowing evidence of any prior sexual conduct between Defendant and Victim, and instructed the jury to disregard any testimony it may have heard concerning a prior sexual relationship. The jury found defendant guilty of criminal sexual penetration in the third degree.

{4}     Five months after sentencing, Defendant filed a pro se petition for a writ of habeas corpus, which was amended a month later. The district court granted the amended petition in part, permitting Defendant to file a late appeal, which was filed on December 27, 2016.

**DISCUSSION**

**Ineffective Assistance of Counsel**

**I.      New Mexico's Rape Shield Law**

{5}     Before turning to Defendant's specific claim, we consider current New Mexico law for the admission of evidence regarding the past sexual conduct of a

3

victim of a sexual offense. New Mexico's rape shield statute provides, in relevant part:

> As a matter of substantive right, in prosecutions pursuant to the provisions of Sections 30-9-11 through 30-9-15 NMSA 1978 [1975], evidence of the victim's past sexual conduct, . . . shall not be admitted unless, and only to the extent that the court finds that, the evidence is material to the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

NMSA 1978, § 30-9-16(A) (1993). Our corresponding rule of evidence further provides, in pertinent part:

> **11-412. Sex Crimes; testimony; limitations; in camera hearing.**
>
> **A.    Prohibited Uses.** The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> (1)    evidence offered to prove that a victim engaged in other sexual behavior . . .
>
> . . . .
>
> **B.    Exceptions.** The court may admit evidence of the victim's past sexual conduct that is material and relevant to the case when the inflammatory or prejudicial nature does not outweigh its probative value.
>
> **C.    Procedure to Determine Admissibility.**
>
> (1)    **Motion.** If the defendant intends to offer evidence under Rule 11-412(B) . . . , the defendant must file a written motion before trial. . . .
>
> (2)    **Hearing.** Before admitting evidence under this rule, the court shall conduct an in camera hearing to determine whether such evidence is admissible.

(3) **Order.** If the court determines that the proposed evidence is admissible, the court shall issue a written order stating what evidence may be introduced by the defendant and stating the specific questions to be permitted. . . .

Rule 11-412.

{6} New Mexico law permits, but does not mandate, the admission of evidence of prior sexual conduct between a victim and the accused. *See State v. Johnson*, 1997-NMSC-036, ¶ 20, 123 N.M. 640, 944 P.2d 869 ("Our statute and rule provide for an in camera hearing to determine admissibility."). Instead, New Mexico law emphasizes the import of the district court's duty to "identify theories of relevance as well as to exercise discretion, balance prejudicial effect against probative value, and thus determine admissibility on a case by case basis." *Id.*; *see also* Rule 11-412(B) (granting the district court discretion to "admit evidence of the victim's past sexual conduct that is material and relevant to the case when the inflammatory or prejudicial nature does not outweigh its probative value"). "Under our statute and rule of evidence, a defendant must show sufficient facts to support a particular theory of relevance to enable the trial court to competently assess the constitutional significance of that theory." *State v. Stephen F.*, 2008-NMSC-037, ¶ 7, 144 N.M. 360, 188 P.3d 84 (internal quotation marks and citation omitted). "If a defendant makes such a showing, the court must then weigh the probative value of that evidence against the danger of unfair prejudice to the victim." *State v. Montoya*, 2014-NMSC-032, ¶ 29, 333 P.3d 935. "[E]vidence of prior sexual conduct must be

5

admitted if a defendant shows that evidence implicates his or her constitutional right of confrontation." *Johnson*, 1997-NMSC-036, ¶ 22.

{7}     Theories of relevance which amount to propensity evidence—arguing that because a victim did something in the past, the victim did so in the instant case—are exactly the sort of "theory the rape shield law and the consistent rule of evidence were designed to restrict." *Id.* ¶¶ 39-40 (holding propensity evidence of past prostitution is not relevant because it "is essentially a theory the rape shield law and the consistent rule of evidence were designed to restrict"). Such evidence has low probative value and therefore a district court considering a Rule 11-412 motion where the identified theory of relevance is one of propensity, is unlikely to grant the motion. *See id.*

{8}     Our Supreme Court clarified the import of the theory of relevance when determining the admissibility of evidence protected by Rule 11-412 in *Montoya*, 2014-NMSC-032. In *Montoya*, the defendant appealed a conviction for "kidnapping *with the intent* to inflict a sexual offense, contrary to NMSA 1978, Section 30-4-1(A)(4) (2003)[.]" *Montoya*, 2014-NMSC-032, ¶ 7. The *Montoya* defendant filed a Rule 11-412 motion seeking to introduce evidence that the victim and the defendant had a long-standing sexual relationship and had previously engaged in "make-up sex" after arguing. *Id.* ¶ 9. Our Supreme Court noted this theory of relevance would have been unpersuasive if the evidence had been offered

6

to demonstrate that because the victim had consented in the past, she consented during the incident at issue. *See id.* ¶ 41. However, when offered to explain the defendant's "own thinking (specific intent) in light of an alleged pattern of conduct and understanding between the two parties[,]" the Supreme Court found the theory of relevance persuasive. *Id.* ¶ 41.

**II.      Defendant Has Failed to Make Out a Prima Facie Case of Ineffective Assistance of Counsel**

{9}      Against this backdrop of New Mexico's rape shield law, we consider Defendant's argument that his trial counsel's failure to file a Rule 11-412 motion to admit evidence of Victim's past sexual conduct with Defendant constituted ineffective assistance of counsel because disclosure of the sexual history between the two was critical to his defense and if the jury had this information, there was a reasonable probability the outcome would have been different. The State argues the record is insufficient for Defendant to establish that the failure to file a Rule 11-412 motion was error or that the alleged error caused prejudice, and Defendant should therefore pursue his ineffective assistance of counsel claim through a habeas corpus petition.

{10}      "Claims of ineffective assistance of counsel are mixed questions of law and fact, which we review de novo." *State v. Aragon*, 2009-NMCA-102, ¶ 8, 147 N.M. 26, 216 P.3d 276. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-

7

NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* "A prima facie case of ineffective assistance of counsel is made on appeal where: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *State v. Smith*, 2016-NMSC-007, ¶ 62, 367 P.3d 420 (internal quotation marks and citation omitted). Habeas corpus "is the procedure of choice" when evaluating ineffective assistance of counsel claims. *Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466.

{11}     Defendant argues his trial counsel's failure to file a Rule 11-412 motion while intending to question Defendant about the alleged one-year sexual relationship between Defendant and Victim was deficient performance. The State argues that evidence of prior sexual conduct between Defendant and Victim would have been inadmissible at trial under *Johnson*, 1997-NMSC-036, and therefore Defendant's trial counsel may have reasonably determined filing a Rule 11-412 motion was "a fruitless effort[ i]n light of the probability of the court's denial of a motion to admit this evidence[.]" Defendant does not respond to State's argument

and fails to explain why under the facts of his case, a Rule 11-412 motion would have been successful or why failure to admit this evidence violated Defendant's confrontation rights.

{12} When a defendant argues his trial counsel was ineffective for failing to file a motion, we look to "whether the record supports the motion" and "whether a reasonably competent attorney could have decided that the motion was unwarranted." *State v. Haynes*, 2000-NMCA-060, ¶ 8, 129 N.M. 304, 6 P.3d 1026 (omission, alteration, internal quotation marks, and citation omitted). "We afford a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Garcia v. State*, 2010-NMSC-023, ¶ 30, 148 N.M. 414, 237 P.3d 716 (internal quotation marks and citation omitted). "We review the legal issues involved with claims of ineffective assistance of counsel de novo." *State v. Crocco*, 2014-NMSC-016, ¶ 11, 327 P.3d 1068.

{13} Under *Johnson*, the district court has a duty to "identify theories of relevance" and "a defendant must show sufficient facts to support a particular theory of relevance." 1997-NMSC-036, ¶¶ 20, 32. Defendant argues the evidence regarding his past sexual relationship with Victim was relevant because it provided "critical information of his relationship with" Victim and without this information,

9

"the jury was led to believe the sexual encounter was a single occurrence." Defendant argues that with this information, the jury may have concluded Victim consented to having sex with Defendant. We note these facts support a theory of relevance tantamount to propensity—that because Victim consented in the past, she consented on the occasion at issue—and Defendant does not propose or identify another theory.

{14} This case is distinct from *Montoya*. Critically, Defendant was not convicted of a crime containing a specific intent element and therefore the State carried no burden to prove one. Therefore, Defendant could not have been offering the evidence to negate a specific intent element, because there wasn't one to negate. Instead, Defendant's shown facts support a theory of relevance pertaining to Victim's propensity for consent to sexual intercourse with Defendant. Rather than showing relevance to a specific intent element reflected by his own state of mind, Defendant offers evidence to show Victim consented to sexual intercourse on this occasion because she had consented in the past. Restricting the admission of such evidence is precisely why our rape shield law was passed. *See Johnson*, 1997-NMSC-036, ¶¶ 39-40.

{15} For this reason, we agree with the State and conclude Defendant's trial counsel may have reasonably decided a Rule 11-412 motion was unlikely to succeed and so chose not to file one as a trial tactic. Because a reasonably

competent attorney could have decided the Rule 11-412 motion was unwarranted, the performance of Defendant's trial counsel was not deficient for failing to file it. *See Haynes*, 2000-NMCA-060, ¶ 8.

{16}     As Defendant failed to show his trial counsel's performance was deficient, we need not consider whether Defendant was prejudiced. We conclude the record on appeal is insufficient to conclude Defendant received ineffective assistance of counsel or for Defendant to make a prima facie case he received ineffective assistance of counsel.

**Sufficiency of the Evidence**

{17}     Defendant argues the State's evidence was insufficient to convict him of criminal sexual penetration because Defendant introduced evidence Victim invited him to her house and consented to sexual intercourse. The State responds the jury was free to accept or reject Defendant's version of events, and chose to reject them.

{18}     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-

11

NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661. When reviewing the sufficiency of evidence, we view it "in a light most favorable to the verdict," *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72, and resolve all conflicts in favor of the verdict. *See State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996.

{19}     To convict Defendant of criminal sexual penetration, the State was required to prove beyond a reasonable doubt that Defendant (1) caused Victim to engage in sexual intercourse (2)  caused Victim to engage in sexual intercourse through the use of physical force or physical violence (3) the incident happened on or about January 18, 2013. *See* Section 30-9-11(F). Defendant conceded to having sexual intercourse with Victim on January 18, 2013, leaving the use of physical force or physical violence a question for the jury. Through Victim's testimony, the State introduced evidence that Defendant used physical force or physical violence to engage in sexual intercourse with Victim. Victim testified Defendant attacked her, grabbed her hair, held her hands back, and lifted her shirt. Victim also testified Defendant forcibly pulled down her pants while she tried to keep them up. Victim testified she thought Defendant was going to kill her. This evidence was sufficient for a reasonable mind to conclude that Defendant used physical force to engage in sexual intercourse with Victim. Viewing the evidence in a light most favorable to the verdict and disregarding contrary evidence, we conclude that the State

presented sufficient evidence to support Defendant's use of physical force or physical violence to engage in sexual intercourse with Victim. *See Garcia*, 2005-NMSC-017, ¶ 12; *Salazar*, 1997-NMSC-044, ¶ 44. Because Defendant also conceded he caused Victim to engage in sexual intercourse on January 18, 2013, the State presented sufficient evidence of each element required to convict Defendant for criminal sexual penetration.

**CONCLUSION**

{20}     The State presented sufficient evidence to support Defendant's conviction and Defendant has failed to make a prima facie case of ineffective assistance of counsel. Accordingly, we affirm Defendant's conviction. Nothing in this opinion should be construed as preventing Defendant from seeking post-conviction relief, and he is free to do so.

{21}     **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____

13

**JENNIFER L. ATTREP, Judge**