This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39239**

**WAYNE SIDES,**

Appellant-Petitioner,

v.

**NEW MEXICO HUMAN SERVICES
DEPARTMENT,**

Appellee-Respondent.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Disability Rights of New Mexico
Jason C. Gordon
Albuquerque, NM

for Petitioner

John R. Emery, Deputy General Counsel
Santa Fe, NM

for Respondent

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner Wayne Sides appeals the district court's affirmance of the New Mexico Human Services Department's (HSD) denial of Petitioner's request for an administrative hearing. Petitioner argues that (1) federal and state regulations required HSD to provide

Petitioner with an administrative hearing, and (2) the denial of a hearing violated Petitioner's right to procedural due process.[1] Unpersuaded, we affirm.

**DISCUSSION**

**{2}** "In administrative appeals, we review the administrative decision under the same standard of review used by the district court while also determining whether the district court erred in its review." *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 26, 138 N.M. 82, 117 P.3d 240. Under this standard of review, we are limited to determining whether (1) "the agency acted fraudulently, arbitrarily, or capriciously"; (2) "based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence"; (3) "the action of the agency was outside the scope of authority of the agency"; or (4) "the action of the agency was otherwise not in accordance with law." Rule 1-074(R) NMRA (2013).

**I.    HSD's Denial of Petitioner's Request for an Administrative Hearing Was Not Contrary to Applicable Regulations**

**{3}** In this case, we understand Petitioner to argue that the district court erred in affirming HSD's denial of Petitioner's request for a hearing because the denial was not in accordance with law. We are not persuaded.

**{4}** "The term 'not in accordance with law' involves action taken by an agency or court which is based on an error of law, is arbitrary and unreasonable, or is based on conjecture, and is inconsistent with established facts." *Perkins v. Dep't of Human Servs.*, 1987-NMCA-148, ¶ 22, 106 N.M. 651, 748 P.2d 24. "Whether a ruling or decision of an administrative agency is 'not in accordance with law' is a question of law to be decided by the court." *Id.* "We review de novo whether a ruling by an administrative agency is in accordance with the law." *Archuleta v. Santa Fe Police Dep't*, 2005-NMSC-006, ¶ 18, 137 N.M. 161, 108 P.3d 1019.

**{5}** The key legal issue in this case is whether Petitioner's complaint amounts to a grievance or an appeal under applicable regulations. Generally, members of a Managed Care Organization (MCO) do not have a right to an administrative hearing regarding an MCO's final decision about a grievance,[2] but do have a right to a hearing as part of the appeals process. *Compare* 8.308.15.7(N) NMAC ("A MCO member grievance final decision does not provide a member the right to request a HSD expedited or standard administrative hearing."), *with* 8.308.15.7(H) NMAC (defining an "HSD standard administrative hearing" as "an informal evidentiary hearing . . . in which evidence may be presented as it relates to an adverse action taken or intended to be taken[] by the

[1]To the extent Petitioner's brief alludes to other potential errors, his arguments are inadequately developed, and we therefore do not address the merits of those arguments.

[2]The regulations carve out one exception that Petitioner does not invoke here. A member has a right to request an administrative hearing on a final decision on a member grievance if "the reason for the request is based on the assertion by the member or his or her authorized representative that the MCO failed to act within the MCO member grievance time frames." 8.308.15.7(N) NMAC.

MCO"). State regulations define a grievance as "an expression of dissatisfaction by a member . . . about any matter or aspect of the MCO or its operation that is not included in the definition of an adverse action." 8.308.15.7(N) NMAC. By contrast, an appeal can only follow from an adverse action determination. *See* 8.308.15.7(H), (M) NMAC. An adverse action determination is defined as "the denial, reduction, limited authorization, suspension, or termination of a newly requested benefit or benefit currently being provided to a member including determinations based on the type or level of service, medical necessity criteria or requirements, appropriateness of setting, or effectiveness of a service other than a value-added service." 8.308.15.7(B)(1) NMAC. Additionally, an adverse action may occur where the MCO has failed to (1) "make a benefit determination in a timely manner"; (2) "provide a benefit in a timely matter"; or (3) "act within the timeframes regarding the MCO's established member appeal requirements." 8.308.15.7(B)(1)(d) NMAC. It follows that whether Petitioner's complaint is a grievance or an appeal turns on whether the MCO that provided the services took adverse action against Petitioner.

{6}     The record indicates that no adverse action was taken against Petitioner. On November 24, 2017, Petitioner called an HSD representative to complain that the installation of environmental modifications at his home was "done extremely poorly." Petitioner claimed that the contractors installed a "completely different door," made "rude comments about [Petitioner] in Spanish," and stole from him, among other complaints. UnitedHealthcare, Petitioner's MCO, subsequently sent Petitioner an acknowledgment of his "grievance" and shortly thereafter provided a full "answer to [Petitioner's] grievance." After an investigation into the complaints, including visits by the Director of Health Services and the "Provider Advocate team," HSD determined that UnitedHealthcare "[had] done all they [could] do" for Petitioner. A hearing was eventually scheduled, after which HSD filed a motion to dismiss. In August 2018, the Administrative Law Judge (ALJ) granted HSD's motion to dismiss, finding that the motion "[had] merit" and that "the final grievance decision of the Managed Care Organization [did] not provide [Petitioner] the right to request an [HSD] administrative hearing." Petitioner appealed the decision to the district court, which affirmed the ALJ's dismissal of Petitioner's hearing request. We agree with the district court and the ALJ's implicit finding that there was no adverse action and Petitioner therefore filed a grievance.

{7}     The substance of Petitioner's complaints falls squarely within the definition of a "grievance" provided by 8.308.15.7(N) NMAC, namely, that Petitioner sought to express his dissatisfaction of—by his estimation—the poor workmanship of the environmental modification. By contrast, we do not construe UnitedHealthcare's actions in this case to amount to a denial, reduction, limited authorization, suspension or termination of Petitioner's Medicaid benefits. *See* 8.308.15.7(B) NMAC (defining "adverse action against a member"). The record indicates that UnitedHealthcare approved Petitioner's request for an environmental modification, contracted with a general contractor to install the modification, and responded to Petitioner's initial complaints regarding the workmanship by having the general contractor complete an inspection and make adjustments to the modification. Additionally, we see no basis in the record for

concluding that UnitedHealthcare's actions amounted to failures to make a benefit determination in a timely manner, provide a benefit in a timely matter, or act within the timeframes regarding the MCO's established member appeal requirements—all of which would also have constituted "adverse action[s]" under 8.308.15.7(B)(1)(d) NMAC.

**{8}** Petitioner asserts that, in any event, 8.352.2.11 NMAC provides him with the "broad right" to appeal HSD's erroneous failure to "provide him with a properly constructed . . . environmental modification" and to receive an administrative hearing. We disagree. This code provision mandates that HSD grant an administrative hearing under the specific circumstances dictated by 42 C.F.R. § 431.220(a) (2023) and NMSA 1978, Section 27-3-3 (1991). *See* 42 C.F.R. § 431.220(a)(1) (explaining that federally-funded state agencies administering medical assistance programs must grant an opportunity for a hearing to "[a]ny individual who requests it because [they] believe[] the agency has taken an action erroneously, denied [their] claim for eligibility or for covered benefits or services, or issued a determination of an individual's liability, or has not acted upon the claim with reasonable promptness"); § 27-3-3(A) (providing the opportunity for a fair hearing when assistance or services are denied, modified, or terminated under any provision of the Public Assistance Act, Social Security Act or Special Medical Needs Act). The applicable federal regulation defines "action" as "a termination, suspension of, or reduction in covered benefits or services, or a termination, suspension of, or reduction in Medicaid eligibility or an increase in beneficiary liability." 42 C.F.R. § 431.201 (2023). As discussed above, we do not believe that the MCO's actions here terminated, suspended, or reduced Petitioner's benefits or services. For the same reason, Petitioner does not have a right to a hearing under Section 27-3-3.

**{9}** We conclude that Petitioner filed a grievance with HSD and was therefore not entitled to an administrative hearing under applicable regulations.

## II. Petitioner Has Not Established That He Has a Due Process Right to an Administrative Hearing

**{10}** Petitioner contends that he has a due process right to an administrative hearing because Medicaid benefits are a constitutionally protected property interest and because he has been "denied the full benefit of [Medicaid services]." Reviewing the issue de novo, *Archuleta*, 2005-NMSC-006, ¶ 19, we are not persuaded by Petitioner's argument. *See Att'y Gen. of N.M. v. N.M. Pub. Regulation Comm'n*, 2011-NMSC-034, ¶ 9, 150 N.M. 174, 258 P.3d 453 (holding that "[t]he burden is on the parties challenging the agency order" to establish that error occurred).

**{11}** Petitioner relies primarily on *Goldberg v. Kelly*, 397 U.S. 254 (1970), but we do not believe that *Goldberg* establishes a right to an administrative hearing under the circumstances presented here. In *Goldberg*, the question before the Supreme Court was "whether the Due Process Clause requires that the recipient [of public assistance payments] be afforded an evidentiary hearing before the *termination* of benefits." *Id.* at 260 (emphasis added). The Court's answer was yes. *Id.* at 261. But Petitioner points to

no evidence in the record to support the conclusion that his Medicaid benefits were terminated, and we are aware of no basis for reaching that conclusion. Therefore Petitioner has not established that HSD's denial of an administrative hearing violated his right to due process.[3]

**CONCLUSION**

**{12}**   We affirm.

**{13}   IT IS SO ORDERED**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**

---

[3]In his brief, Petitioner cites *Mathews v. Eldridge*, 424 U.S. 319 (1976) for the broad proposition that "[p]rocedural due process imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Id.* at 332. However, Petitioner fails to develop an argument, based on the factors outlined in *Mathews*, that HSD failed to provide him with a meaningful opportunity to be heard. *See id.* at 340-49. We decline to develop such an argument on Petitioner's behalf. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted).